UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NATHANAEL D. MCGREGOR,<br><br>Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 2)**<br><br>Case No. 2:23-cv-00829<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Nathanael D. McGregor, who filed this case without an attorney, moves for appointment of counsel.[1] He filed a form motion which states "the court has already approved the plaintiff's application to file the matter *in forma pauperis*."[2] But Mr. McGregor did not apply to proceed *in forma pauperis* (without paying the filing fee) in this case; instead, he paid the filing fee when he filed his complaint.[3] Mr. McGregor provides no other reason for his request to appoint counsel.

While defendants in criminal cases have a constitutional right to representation by an attorney,[4] "[t]here is no constitutional right to appointed counsel in a civil case."[5] Appointment

---

[1] (Doc. No. 2.)

[2] (*Id.*)

[3] (*See* Docket Text, Doc. No. 1.)

[4] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[5] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

1

of counsel in civil cases is left to the court's discretion.[6] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[7] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[8]

Mr. McGregor has not demonstrated he is unable to afford counsel, where he paid the filing fee. And he has not shown any of the other factors set forth above support appointment of counsel. For these reasons, Mr. McGregor's motion for appointment of counsel[9] is denied.

DATED this 15th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[6] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[7] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[9] (Doc. No. 2.)